

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 14, 1947

Hon. William N. Hensley
Criminal District Attorney
Bexar County
San Antonio, Texas

Opinion No. V-19

Re: City-County Tuberculo-
sis Board, authority of
to aid indigent tuber-
cular patients who are
aliens, Article 4437a,
Section 6A, V.A.C.S.,
and related questions.

Dear Sir:

We refer to your letter of January 27, 1947, and excellent brief wherein you request the opinion of this Department on three specific questions concerning the following submitted facts and statutory matters which are, in substance as follows:

Pursuant to Article 4437a, Section 6A, V.A.C.S., Acts 1945, 49th Legislature, Chapter 295, Page 466, Bexar County, in August, 1945, established a City-County joint program of tuberculosis control having for its object the protection of public health by the alleviation, suppression and prevention of the spread of tuberculosis. A special tax authorized under Section 6A (b) of not to exceed 5¢ per $100.00 valuation was voted. Under provisions of Section 6A (c) and (d) of said Act, a City-County Tuberculosis Control Board has been appointed to exercise the duties and powers set out in Subsection (e) of Section 6A, Article 4437a. Said Board submits the following questions:

1. Under provisions of Article 4437a, Section 6A, V.A.C.S., and any other applicable law, may the City-County Tuberculosis Control Board extend economic aid to an indigent person who is an alien and to members

*of his family?*

2. Occasionally, it appears desirable to said Board in carrying out the purposes of Section 6A, Article 4437a, to cause to be placed in a County Hospital (such as the County Tuberculosis Hospital at Southton, Texas) an indigent tubercular who is an alien who qualifies for aid under Section 6A. May the County Hospital receive such an indigent alien patient as a free service patient upon request of the City-County Tuberculosis Control Board, upon its statement that he is a client of and entitled to aid from said Board?

3. Is the City-County Tuberculosis Control Board authorized to pay, out of its funds, the County Hospital, for the care of an indigent tuberculosis patient who has been certified to it by the Board?

We will quote herein only those portions of Article 4437a which we believe are pertinent to this opinion. Section 6A (a) provides as follows:

"The governing bodies of the county and of the city or cities within said county adopting the provisions hereof as herein provided, are hereby authorized to conduct a joint program of tuberculosis control within said city or cities and county, having for its object the protection of public health by the alleviation, suppression and prevention of the spread of tuberculosis. Such program may include cooperation with all public or private agencies, Federal, State or local, having the same objective, and shall include providing economic aid in the discretion of the Board hereinafter created, under medical certification as hereinafter provided, to indigents suffering from tuberculosis and to dependent members of their immediate family as a part of the total treatment of and as an aid in the prevention of the spread of the disease, for the protection of the public health."

Subsection (b) of Section 6A provides, in part, as follows:

"The County Commissioners' Court is hereby authorized to levy a direct annual tax of not to exceed 10¢ on the $100.00 valuation, which shall be in addition to the tax authorized by Section 3 herein, and the funds produced thereby shall be kept separate from other funds and shall be used solely for the purposes set forth in this Section (Section 6A);. . . . The governing body of the city or cities acting hereunder shall likewise be authorized to levy a direct tax of not to exceed 5¢ on the $100.00 valuation to provide funds to be used for the same purpose, and in such joint program of tuberculosis control,. . . .Such fund shall be kept separate from other city funds and shall be used only for the purpose herein stated.

Section 3 of Article 4437a as amended by Acts 1945, 49th Legislature, Chapter 295, which amendment also added Section 6A quoted herein, provides in part as follows:

"A direct tax of not over 20¢ on the valuation of $100.00 may be authorized and levied by the Commissioners' Court of such county for the purpose of erecting buildings or other improvements and for operating and maintaining such hospital;. . . ."

Subsection (e) of Section 6A provides as follows:

"The Board shall have power to carry out the terms of this Section in order to alleviate, suppress and prevent the spread of tuberculosis within the county, as a public health function, subject to the provisions hereof. The funds derived from the special taxes herein authorized shall be combined together by joint action of the county and city or cities and be expended by or under the direction of such Board subject to the limitations herein; provided that such funds shall be expended to provide necessary economic aid to indigent persons suffering from tuberculosis and dependent members of their immediate family, upon certification in each case to the Board by the city or county health officer to the effect that the persons receiving such aid are

indigent, and that they are bona fide residents of the county and have been for more than six months; and such funds shall also be expended to provide for administration expenses hereunder, including case investigations and necessary equipment and services, but for no other purposes."

In none of these above quoted statutes or in any other applicable law do we find any requirement that an indigent person suffering from tuberculosis or the dependent members of his immediate family must be citizens of the United States before he or they may be entitled, at the discretion of the City-County Tuberculosis Control Board, to the necessary economic aid provided under Article 4437a, Section 6A. The Act requires only that tubercular persons to qualify for necessary economic aid thereunder must be medically certified in each case to the Board by the city or county health officer to the effect that they are: first, suffering from tuberculosis; second, indigent; and third, bona fide residents of the county, and have been for more than six months. As stated so ably in your brief, it should be observed that this law, Section 6A, is a public health measure and was designed to prevent disease in the community and is not designed primarily to aid an individual as a matter of charity.

Therefore, in answer to your first question, you are advised that in our opinion the City-County Tubercular Control Board may extend economic aid to an indigent tubercular who is an alien and to members of his immediate family under Article 4437a, Section 6A, V. A. C. S., the other requirements of the statute having been met.

Article 4438, V.A.C.S., Acts 1876, Page 51, provides that if there is a regular established public hospital in the county, the Commissioners' Court shall provide for sending the indigent sick of the county to said hospital. There is no requirement or limitation as to citizenship or residence of such an indigent.

Article 4440, V.A.C.S., Acts 1909, First Called Session, Page 337, provides that whenever any indigent person suffering from tuberculosis is sojourning in any other county than his residence and makes application for financial relief to any county health officer or Commissioners' Court or to the Mayor or health officer of any

city, before relief is granted, he shall make an affidavit that he is indigent and unable to provide for himself. Here again there is no requirement or limitation as to citizenship or residence of such indigent.

Section 5 of Article 4437a, V.A.C.S., Acts 1927, 40th Legislature, Chapter 219, provides that in certain counties, among which is included Bexar County, the said County Hospital or hospitals shall give free service to all sick and injured indigent citizens of the entire county.

It should be noted also that Subsection (g) of Section 6A provides that Section 6A of Article 4437a shall be cumulative of other laws and shall not operate to repeal any other part of Title 71, V.A.C.S. All of said statute, therefore, should be construed liberally, we believe, where possible to enable the county in cooperation with the cities or other public agencies designated in Section 6A, to carry out a constructive and necessary program for the public health of the people residing in the county.

By the express provisions of Article 4438, the Commissioners' Court in those counties where there is one or more established county hospitals, shall provide for the sending of the indigent sick of the county to such a hospital. Article 4440 provides likewise for resident indigent persons suffering from tuberculosis who are sojourning in other counties. But by provisions of Article 4437a, Section 6A, tuberculosis control in those counties adopting the City-County Cooperative Plan has been delegated to a special Board provided therein, and all tubercular cases would now very likely and properly be channeled by the county through this Board for its assistance or recommendation.

True, Section 5 of Article 4437a, limits the authority of the Board of Managers of Bexar County Hospital, to the giving of free service to the sick and injured indigent citizens of the county, but we think that authority lies in the governing board of county hospitals, by virtue of the over-all interest, purpose and cooperative nature of the plan to control tuberculosis in Bexar County under the provisions of Sec. 6A, Art. 4437a, to accept as a patient for treatment of tuberculosis any resident indigent recommended by the City-County Tuberculosis Control Board, the Board

paying for his hospital service out of its economic aid funds.

It is observed that Article 4437a, authorizing the levy of a tax to support county hospitals, provides that such tax levy shall be used for the purpose of erecting buildings or other improvements and for operating and maintaining such a hospital or hospitals jointly owned and operated by any city and county. On the other hand, Subsections (d) and (e), Section 6A, Article 4437a, authorizing the levy of an additional tax for tuberculosis control, provides that such tax shall be used and expended to provide necessary economic aid to indigent persons suffering from tuberculosis and dependent members of their family who qualify thereunder. We construe Subsection (e) as authorizing the City-County Tuberculosis Control Board to use its funds to supply necessary economic aid to its clients, and if the tubercular need service in a county hospital, the Board is authorized thereunder to expend its funds in payment of the necessary hospital service rendered by the county hospital. The Act, in our opinion, does not authorize the expenditure by the Board of its funds for the construction or maintenance of additional county hospitals for the care of county indigent tuberculosis patients. Clearly, the statutes construed together, as they should be, contemplates full cooperation between the authorities of the City-County joint hospitals and the City-County Tuberculosis Control Board, to the end that the public health of the county be protected from the spread of tuberculosis.

Accordingly, our answer to your second question is in the negative; and our answer to your third question is in the affirmative.

## SUMMARY

The City-County Tuberculosis Control Board of Bexar County created under provisions of Article 4437a, Section 6A, V.A.C.S., may extend economic aid to an indigent tubercular who is an alien and to members of his immediate family qualifying under the statute. Said Board may not require the Bexar City-County Hospital Board or Managers to give free hospital service to an indigent tubercular who is an alien, but under the provisions of Subsection (e) Section 6A of said

Act, may pay such expenses to the said county hospital out of the fund to be administered by the City-County Tuberculosis Control Board.

Very truly yours

ATTORNEY-GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

APPROVED FEB 14, 1947

*Price Daniel*
ATTORNEY GENERAL

CEO:dm:bb

APPROVED
OPINION COMMITTEE

BY   F.D.
     CHAIRMAN